E-FILED on     2/27/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH WILKERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIFFAGE.COM DISABILITY INCOME PROTECTION PROGRAM, and SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>　　　　Defendants. | No. C-03-04926 RMW<br><br>ORDER DETERMINING THE STANDARD OF REVIEW<br><br>**[Re Docket Nos. 87, 89]** |

The parties have submitted supplemental briefs for reconsideration of the issue of what standard of review applies in light of *Green v. Sun Life Assurance Co. of Canada*, 383 F. Supp. 2d 1224 (C.D. Cal. Aug. 1, 2005). For the reasons below, the court reconsiders its original ruling and now determines that the policy at issue does not unambiguously grant the insurer discretion and that the defendant's actions are therefore to be reviewed *de novo*.

## I. BACKGROUND

Plaintiff Elizabeth Wilkerson filed suit under 29 U.S.C. § 1132, alleging she had been wrongfully denied benefits under a long-term disability plan. The plan at issue states that "Proof must be satisfactory to Sun Life." In an October 18, 2004 order, this court determined that the policy at issue unambiguously granted defendant Sun Life Assurance Company of Canada discretion

to grant or deny claims.  In supplemental briefing on the issue of an actual conflict of interest, Wilkerson argued that this court should follow *Green*, which found the same Sun Life policy language at issue here did not grant Sun Life discretion to grant or deny claims.  *See Green*, 383 F. Supp. 2d at 1228 ("Sun Life's policy does not make clear whether it reserves discretion, and if it does, the scope of that discretion.").  The court allowed additional briefing on the standard of review in light of *Green*.

## II. ANALYSIS

**A.  Plan language**

     A district court reviews an administrator's denial of benefits *de novo* unless a plan unambiguously grants discretion to the administrator to determine eligibility, in which case the standard of review is abuse of discretion.  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1088-89 (9th Cir. 1999) (*en banc*).  "The standard of review depends on whether the plan documents unambiguously say in sum or substance that the [p]lan [a]dministrator or fiduciary has authority, power, or discretion to determine eligibility or to construe the terms of the [p]lan." *Abatie v. Alta Health & Life Ins. Co.*, 421 F.3d 1053, 1059 (9th Cir. 2005) (quotation marks omitted).  "Although the plan must effectively grant the administrator discretion in interpreting the plan or determining eligibility, there is no requirement that the word 'discretion' be used." *Id.*  Nevertheless,

> If an insurance company seeking to sell and administer an ERISA plan wants to have discretion in making claims decisions, it should say so.  It is not difficult to write, "The plan administrator has discretionary authority to grant or deny benefits under this plan."  When the language of a plan is unambiguous, a company purchasing the plan, and employees evaluating what their employer has purchased on their behalf, can clearly understand the scope of the authority the administrator has reserved for itself.

*Ingram v. Martini Marietta LTD Income Plan*, 244 F.3d 1109, 1113-14 (9th Cir. 2001).

     In *Thomas v. Oregon Fruit Products Company*, 228 F.3d 991, 994 (9th Cir. 2000), the Ninth Circuit examined the language of a particular policy.  In the course of that examination, the court stated that

> The Policy establishes that benefits will be paid only upon submission of "satisfactory proof of Total Disability to us."  The only material distinction between this provision and the provision found to be ambiguous in *Kearney* is the inclusion of the words "to us."  Reliance, which carries the burden of showing that the Policy is

1
2
3
4
5

>    unambiguous, argues that this additional language resolves the ambiguity in its favor. We do not agree. The additional language has the opposite effect because it is unclear what the phrase "to us" is intended to modify. One possible interpretation is that the submitted proof must be "satisfactory to us" (Reliance), thereby *arguably* conferring discretion on Reliance. Another interpretation, however, is that proof "satisfactory" (to a reasonable person) must be submitted "to us" (Reliance). Under the latter interpretation, the Policy does not grant Reliance discretion. We therefore hold that the Policy does not unambiguously grant Reliance discretion to evaluate claims as it sees fit.

228 F.3d at 994 (citation omitted; emphasis in original).

The policy at issue here states that "[p]roof must be satisfactory to Sun Life." This court must therefore consider the import of "*arguably*" in *Thomas*. Wilkerson argues that the Ninth Circuit's statement that "submitted proof must be satisfactory to us" only arguably confers discretion and, therefor, Sun Life's policy does not unambiguously grant discretion. This was also the basis for the ruling in *Green*: "If language only 'arguably' confers discretion, then by definition, it does not confer discretion 'unambiguously,' the requirement for deferential review." 383 F. Supp. 2d at 1227. Sun Life seems to argue that the court in *Green* did not list the multiple meanings reasonably attributable to the policy language—as did the court in *Thomas*—and that *Green* therefore should not be relied on for the proposition that "proof must be satisfactory to us" is insufficient language to give a plan administrator discretion to grant or deny claims. The Ninth Circuit has stated that "[o]nly by excluding alternative readings as unreasonable could we conclude that the conferral of discretion is unambiguous." *Kearney*, 175 F.3d at 1090.

The Ninth's Circuit's use of "*arguably*" in *Thomas* is ambiguous. The court could have meant that "proof must be satisfactory to us" only arguably—and therefore not unambiguously—grants a plan administrator discretion. On the other hand, the court could have meant that it did not need to decide—and therefore was not deciding—whether "proof must be satisfactory to us" was an unambiguous grant of discretion. As this aspect of the decision in *Thomas* was not essential to the holding that the language "benefits will be paid only upon submission of 'satisfactory proof of Total Disability to us'" is ambiguous, the better view is that the second possibility is correct: The Ninth Circuit in *Thomas* left open the question whether language that "proof must be satisfactory to us" unambiguously grants discretion.

ORDER DETERMINING THE STANDARD OF REVIEW —No. C-03-04926 RMW
JAH                                    3

In *Kearney*, the Ninth Circuit, in the course of examining the language of another policy, stated that:

> [T]he phrase "will pay the LTD BENEFIT described in Part 8 upon receipt of satisfactory written proof that you have become DISABLED" is ambiguous. At least three interpretations are reasonable.
> One reading natural to a lawyer experienced in insurance litigation would be that "satisfactory written proof" is a variant of the very old phrase "satisfactory proof of loss." Such phrases have been used in insurance policies for at least a century. The phrase traditionally confers discretion on the insurance company to decide whether the quantum of proof is sufficient, as opposed to whether the loss is covered. The word "satisfactory" is traditionally limited by an objective standard, so that the insurance company is not permitted to reject proof that would be satisfactory to a reasonable person.
> A second reading of "will pay . . . upon receipt of satisfactory written proof that you have become DISABLED" applies "satisfactory" to whether the proof establishes a covered disability as well as whether there is enough of it, but construes the word "satisfactory" as objective rather than subjective. Thus "satisfactory written proof that you have become disabled" means "proof that would be satisfactory to a reasonable person that you have become disabled." Though the Sixth Circuit rejected this reading, Judge Boggs in dissent urged it persuasively. This reading is consistent with well established common law principles for reading contracts, which are the principles that we are required, under *Firestone*, to apply. As a matter of common law, where a contract contains a condition that the obligor be "satisfied," "an interpretation is preferred under which the condition occurs if . . . a reasonable person in the position of the obligor would be satisfied." There is an exception to this objective construction, where the subject matter can only be subjectively and not objectively satisfactory (e.g., "if you paint a portrait of my daughter with which I am entirely satisfied, I'll pay you $5,000 for it"), but satisfactory proof of disability is not inherently subjective, so the exception does not apply. This objective reading subjects the obligor to a more stringent test than that his dissatisfaction must be genuine and in accord with the duty of good faith and fair dealing. Even honest dissatisfaction will not avoid his obligation, if a reasonable person in his position would be satisfied.
> A third reasonable construction is the one articulated in the dissent, that "will pay . . . upon receipt of satisfactory written proof that you have become DISABLED" means that, subject to its fiduciary duty, if the administrator is not satisfied (and has not abused its discretion in so deciding), then it does not have to pay. The dissent's position is in accord with *Perez*, although the phrasing of the clause there was slightly different. We concede the syntactical reasonableness of the dissent's reading. But the dissent goes too far, by suggesting that if anything is committed to the administrator's discretion, then everything is. And the dissent's reading runs contrary to the common law construction of conditions of "satisfaction." We reject the proposition that the dissent's is the only reasonable reading.

175 F.3d at 1089-90 (footnote omitted). The second and third interpretations from *Kearney* are applicable to the language at issue here. While the third interpretation is probably the most reasonable interpretation of the subject policy and would grant Sun Life discretion, the second interpretation is also reasonable and therefore means that the Sun policy does not *unambiguously* grant discretion to Sun. If the common law rule interpreting "satisfactory" is used in construing

Sun's policy, "Proof must be satisfactory to Sun Life" arguably means that if a reasonable person in Sun Life's position would be satisfied, the contractual condition is met. This construction of the language is further supported by the fact that Sun could easily have drafted language making clear to the employer and its employees that it had discretion to make coverage decisions. Accordingly, the court finds that the standard of review is *de novo*.

This result comports with the determination in *Green*. In *Green*, the court considered the same Sun Life policy language at issue here. 383 F. Supp. 2d at 1226. While the court did not distinguish *Nance v. Sun Life Assurance Company of Canada*, 294 F.3d 1263 (10th Cir. 2002),[1] it did find Sun Life's reliance on *Helm* to be unpersuasive, recognizing that it was unpublished and therefore could not be relied upon. *Id*. at 1228. The *Green* court, relying almost exclusively on Ninth Circuit cases (primarily *Thomas* and *Sandy v. Reliance Standard Life Insurance Co.,* 222 F.3d 1202 (9th Cir. 2000)), ruled that "Sun Life's policy does not make clear whether it reserves discretion, and if it does, the scope of that discretion." 383 F. Supp. 2d at 1228.

The Seventh Circuit has stated that the phrase "satisfactory to us" does not "convey enough information" to make it clear that the plan administrator has discretion. *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 639 (2005). The Seventh Circuit recognized that the First, Eighth, and Tenth Circuits take the opposite view. *Id*. at 638. In any case, however, the decisions from the Ninth Circuit suggest that it employs a very stringent test in evaluating whether the insurance company has unambiguously reserved discretion to determine whether a claim merits payment.

**B. Conflict of interest**

Ordinarily, where an administrator or fiduciary is given discretion to determine benefits eligibility, courts must review the decision denying benefits under an abuse of discretion standard. *Friedrich v. Intel Corp.*, 181 F.3d 1101, 1109 (9th Cir. 1999). However, even where the plan grants the administrator or fiduciary discretion, if the claims decision was affected by an actual conflict of interest, the decision is reviewed *de novo*. *Id.* Since the court has determined that a *de novo* review

---

[1] In *Nance*, the Tenth Circuit found the language "Proof must be satisfactory to Sun Life" sufficient to confer discretion upon the plan administrator. 294 F.3d at 1267. The court noted that the Ninth Circuit might agree because of *Helm v. Sun Life Assurance of Canada, Inc*., 34 Fed. Appx. 328, 331 (9th Cir. 2002). *See Nance*, 294 F.3d at 1268 n.2. While the Tenth Circuit is not constrained by Ninth Circuit Rule 36-3 (unpublished opinions are not citable), this court is.

of the decision to deny Wilkerson benefits is required because the plan language does not unambiguously grant Sun discretion, it is unnecessary to decide whether that denial was affected by an actual conflict of interest.

### III.  ORDER

For the foregoing reasons, the court determines that the policy at issue does not unambiguously grant discretion to Sun Life to grant or deny claims.  The applicable standard of review is therefore *de novo*.

DATED:      2/27/06                                  /s/ Ronald M. Whyte
                                                                    RONALD M. WHYTE
                                                                    United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Ronald Glenn Dean        rdean@74erisa.com

**Counsel for Defendants:**

J. Russell Stedman        rstedman@barwol.com
Kathleen Elizabeth Dyer   kdyer@barwol.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   2/27/06                        /s/ JH
                                            **Chambers of Judge Whyte**